**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE BARNES & NOBLE PIN PAD LITIGATION**<br><br>**This Document Relates To:**<br><br>**ALL CASES** | **Case No. 1:12-cv-08617**<br><br>**CLASS ACTION**<br><br>**Honorable John W. Darrah** |

**BARNES & NOBLE, INC.'s MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT**

Plaintiffs have filed an Amended Consolidated Class Action Complaint ("Amended Complaint") that is virtually identical to the Complaint this Court dismissed on September 3, 2013 for lack of standing.  (Dkt. Nos. 56-57.)  As the attached redlined version reveals, the Amended Complaint modifies only six substantive paragraphs, but does not provide any basis for this Court to reverse its conclusion that Plaintiffs lack Article III standing.  (*See* Redline of First Amended Consolidated Class Action Complaint, attached as Exhibit A.)  Accordingly, B&N again moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and respectfully requests that the Court dismiss the Amended Complaint with prejudice.

Rather than repeat the arguments made in the briefing in support of B&N's prior motion to dismiss, B&N incorporates them herein and instead only briefly addresses each of Plaintiffs' revised allegations below:

In new paragraph 3, Plaintiffs contend that B&N has access to information about skimmed cards, that B&N has refused discovery, and that the information is outside the reach of

Plaintiffs. Although untrue,[1] these allegations are also wholly irrelevant. Under well-settled law, the named plaintiffs in a putative class action cannot commence a lawsuit unless they are able to allege facts showing that they have personally suffered a cognizable injury-in-fact. *See Lewis v. Casey*, 518 U.S. 343, 357 (1996). It is *Plaintiffs* who bear the burden to allege facts sufficient to establish their own standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Sterk v. Best Buy Stores, L.P.*, 11 C 1894, 2012 WL 5197901, at *5 (N.D. Ill. Oct. 17, 2012). Plaintiffs cannot file a lawsuit in the hope that discovery might identify some other individual, and then hope that that person might have standing. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (plaintiffs cannot "unlock the doors of discovery . . . armed with nothing more than conclusions").

In new paragraph 4, Plaintiffs allege that their personal information "was stolen by the skimmers -- and thus, disclosed." Plaintiffs made this same argument in response to B&N's prior to motion to dismiss;[2] the only change is that they have now inserted this argument into their Amended Complaint. But inserting it into the Amended Complaint does not alter the fact that this Court already specifically held that

> [t]he inference that [the Plaintiffs'] data was stolen, based merely on the security breach, is too tenuous to support a reasonable inference that can be made in Plaintiffs' favor. . . . Plaintiffs also have not pled any facts to support the conclusion that their information was disclosed. Therefore, Plaintiffs have not alleged an actual injury with respect to the potential disclosure of their personal information.

(Dkt. No. 57 at 6-7.) Plaintiffs do not offer any new or additional evidence that their cards were skimmed or their data was disclosed, much less that they incurred any losses.

---

[1] Although it need not be addressed here, B&N does not have access to the list of skimmed cards, and Plaintiffs' claim that B&N has refused discovery ignores that this Court stayed discovery.

[2] (Dkt. No. 48 at 3-4.)

In new paragraph 5, Plaintiffs now contend that there is an "immediate" risk of future

identity theft that has caused "cost and expenses" to Plaintiffs. Plaintiffs are apparently

attempting to fit within the Supreme Court's holding in *Clapper v. Amnesty Int'l USA*, 133 S. Ct.

1138 (2013), that a risk of future injury can only create standing if such injury is "certainly

impending." But Plaintiffs must do more than parrot the formulaic claim of "immediate" future

harm. *Clapper* requires Plaintiffs to provide "concrete evidence" to show that they face certainly

impending harm, *see* 133 S. Ct. at 1154, which the Amended Complaint does not do. Plaintiffs'

allegation of an "immediate" risk is nothing but a "naked assertion devoid of further factual

enhancement" and is therefore insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quotation

marks and brackets omitted).

Moreover, although it claims the existence of unspecified "cost and expenses," the

Amended Complaint does not identify any cost or expense incurred by any Plaintiff that is

attributable to the breach beyond Plaintiffs' fear of possible future injury. As to that, this Court

has held that "*even if specific [mitigation] expenses had been alleged, such expenses would not

qualify as actual injuries under Clapper*" even if those expenses are based on a "subjective" fear

of future injury. (Dkt. No. 57 at 7 (relying on *Clapper*, 133 S. Ct. at 1152-53) (emphasis

added).)

New paragraphs 17 and 18 attempt to salvage Plaintiff Winstead's claims, but the

allegations do not remedy the defects that this Court previously identified – that Winstead failed

to allege that she had experienced an unreimbursed charge on her card, that she failed to allege

any other monetary loss stemming from the allegedly fraudulent activity, and that she failed to

provide facts demonstrating that the fraudulent charge was "in any way" connected to the PIN

pad breach. (Dkt. No. 57 at 10.) We briefly address the many defects in Winstead's revised claim.

First, Winstead cannot continue to rely on the alleged fraudulent charge to suggest that she now faces an increased risk of harm (much less a "certainly impending" harm) because she still has not presented any facts showing that her card was at all implicated in the breach, much less that she suffered any injury as a result. She continues to allege that her bank contacted her about a fraudulent charge on her credit card, but alleges no new facts to connect that fraudulent charge to the PIN Pad breach. Winstead's only new allegation is that at the time of the fraudulent charge, she was "unaware of any other data breaches" that could have resulted in the fraudulent charge. (Am. Compl. ¶ 17.) This is nothing more that unsubstantiated speculation insufficient to draw a causal connection under *Twombly* and *Iqbal*. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678. Moreover, this speculation is discredited by her simultaneous allegation that she had previously enrolled in an identity protection monitoring service prior to the PIN Pad breach.[3]

Second, Winstead still has not alleged an injury-in-fact. This Court's opinion made clear that "[i]n order to have suffered an actual injury, [Winstead] must have had an unreimbursed charge on her credit card." (Dkt. No. 57 at 10.) The Amended Complaint does *not* allege that Winstead has experienced any unreimbursed charges. Rather, the only monetary harm Winstead now claims is a monthly fee associated with an "identity protection monitoring service." Critically, though, Winstead concedes that she purchased that service ***prior to*** the PIN Pad

---

[3] In contrast to her pure speculation, it is clearly far more plausible that the charge was the result of her having experienced an unrelated identity theft or other fraudulent activity in the past. *See Iqbal*, 556 U.S. at 682 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007) (holding that where there is an "'obvious alternative explanation'" for the alleged facts, a court cannot deem the allegations plausible enough to credit the plaintiff's requested inference).

breach.  (Am. Compl. ¶ 18.)  Because she purchased the service ***prior to*** the PIN Pad breach, she

cannot possibly contend that she bought it as a result of the breach and therefore her alleged

injury cannot be fairly traced to B&N.  *Cf. Clapper*, 133 S. Ct. at 1152 (noting that injuries could

not be fairly traceable to statute where even *before* statute was enacted, plaintiffs "had a similar

incentive to engage in many of the countermeasures that they are now taking").  Nor does her

claim that she may continue to subscribe to this service "in part" because of the PIN Pad breach

show any cognizable connection to the breach as she has already admitted she purchased the

service for unrelated reasons.  And even if she continues to purchase the service "in part" out of

some fear that she in the future be a victim of identity theft, that claim is foreclosed by *Clapper*.

*See* 133 S. Ct. at 1151 (plaintiffs "cannot manufacture standing merely by inflicting harm on

themselves based on their fears of hypothetical future harm that is not certainly impending").  As

this Court held:  "[E]ven if specific [mitigation] expenses had been alleged, such expenses would

not qualify as actual injuries under *Clapper*" even if those expenses are based on a "subjective"

fear of future injury.  (Dkt. No. 57 at 7 (citing *Clapper*, 133 S. Ct. at 1152-53).)

In new paragraph 71, Plaintiffs again claim that they have suffered damages in the form

of the diminished value of products or services purchased from B&N.  In doing so, Plaintiffs

simply ignore this Court's decision in which it found Plaintiffs' arguments "not persuasive."

(Dkt. No. 57 at 9.)  This Court rejected Plaintiffs' diminished value theory precisely because

"Plaintiffs have not pled that Barnes & Noble charged a higher price for goods whether a

customer pays with credit."  (*Id.*)  Plaintiffs now speculate that the cost to B&N of collecting and

safeguarding their information is built into the purchase price of all of its products but concedes

that its speculative theory applies "regardless of whether a product is purchased via cash, credit

card, or debit card."  (Am. Compl. ¶ 71).  Far from adding factual allegations that would alter

5

this Court's prior analysis, the Amended Complaint in fact confirms the correctness of the

Court's decision – that is, that payment card users incurred no special charge for data security.

The other allegations in Plaintiffs' Amended Complaint are taken verbatim from the

original, dismissed complaint. For the reasons set forth in B&N's prior motion to dismiss, and in

this Court's September 3, 2013 opinion, the Amended Complaint fails to establish any

cognizable injury-in-fact.[4]

## CONCLUSION

Plaintiffs have filed four individual complaints and two consolidated complaints. Despite

having had ample time and opportunity to allege a legally cognizable injury, Plaintiffs remain

unable to do so. Given Plaintiffs' failure to cure the numerous deficiencies this Court previously

identified, it is clear that further amendment would be futile. *See Airborne Beepers & Video,*

*Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666-68 (7th Cir. 2007); *Thornton v. Flagstar Bank,*

*FSB*, 12-CV-07506, 2013 WL 4501445, at *4 (N.D. Ill. Aug. 21, 2013) (Darrah, J.).

Accordingly, B&N respectfully requests that the Court dismiss the Amended Complaint with

prejudice.

---

[4] Similarly, as set forth in B&N's motion to dismiss the prior Complaint, Plaintiffs' continued failure to state any legally cognizable injury traceable to B&N makes dismissal of the Amended Complaint appropriate under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. So as not to repeat those arguments, which the Court did not reach in its prior decision, B&N incorporates them by reference herein. (*See* Dkt. No. 44 at 9-15; Dkt. No. 49 at 9-14.)

Dated: October 3, 2013

Respectfully submitted,

s/Kristen E. Hudson (ARDC No. 6281191)
Attorney for Barnes & Noble, Inc.

Peter V. Baugher (ARDC No. 0138282)
Kristen E. Hudson (ARDC No. 6281191)
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
(312) 701-9300

Kenneth L. Chernof
Hadrian R. Katz
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

## CERTIFICATE OF SERVICE

I, Kristen E. Hudson, an attorney, hereby certify that a true and correct copy of

Barnes & Noble, Inc.'s Motion to Dismiss the Consolidated Amended Complaint was filed

electronically with the Clerk of the Court using the CM/ECF System, which will automatically

provide electronic notice upon all counsel of record on this 3rd day of October, 2013.


/s/Kristen E. Hudson
Kristen E. Hudson