IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BARNES & NOBLE PIN PAD LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | Case No. 1:12-cv-08617<br><br>**CLASS ACTION**<br><br>Honorable Andrea Wood |

**BARNES & NOBLE, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Barnes & Noble, Inc. respectfully advises the Court of the recent opinion issued by the Northern District of Illinois, *Moyers v. Michaels Stores, Inc.*, No. 14 C 561 (N.D. Ill. July 14, 2014), which supports Barnes & Noble's pending motion to dismiss Plaintiffs' Amended Complaint for lack of cognizable injury sufficient to state a claim. (Dkt. No. 59). A copy of the opinion is attached as Exhibit A. Because the plaintiffs in *Michaels*, like the Plaintiffs in the case at bar, suffered no cognizable damages as a result of the data breach, the court properly held that the plaintiffs had failed state any claim upon which relief could be granted and therefore dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* Op. at 16-20.

However, *Michaels*' conclusion that a mere increased risk of future identity theft is sufficient for Article III standing to even assert those claims is directly contrary to this Court's prior opinion in this case (Dkt. No. 57). It is also directly contrary to another decision from this court -- *Strautins v. Trustwave Holdings, Inc.*, 12 C 9115, 2014 WL 960816 (N.D. Ill. Mar. 12, 2014). And it is directly contrary to the long line of data breach cases decided in the wake of *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013). *See In re Sci. Applications Int'l Corp. Backup Tape Data Theft Litig.*, —F. Supp. 2d—, 2014 WL 1858458, at *6 (D.D.C. May 9, 2014)

1

("SAIC"); *Galaria v. Nationwide Mut Ins. Co.*, —F. Supp. 2d—, 2014 WL 689703, at *8 (S.D. Ohio Feb. 10, 2014); *Polanco v. Omnicell, Inc.*, —F. Supp. 2d—, 2013 WL 6823265, at *13–14 (D.N.J. Dec. 26, 2013); *Vides v. Advocate Health and Hospitals Corp.*, No. 13-CH-2701, slip op. at 5 (Ill. Cir. Ct. May 27, 2014). In finding standing, *Michaels* relies on one lone outlier opinion, *In re Sony Gaming Networks and Customer Data Security Breach Litig.*, MDL No. 11-md-2258, 2014 WL 223677, at *8-9 (S.D. Cal. Jan. 21, 2014), which has already been rejected by at least one court. *See* SAIC, 2014 WL 1858458, at *8. By contrast, courts throughout the country cite this Court's decision in the case at bar with approval. *See Strautins*, 2014 WL 960816, at *4; *Galaria*, 2014 WL 689703, at *6; *Vides*, No. 13-CH-2701, slip op. at 5-6. Barnes & Noble respectfully suggests that this Court reached the correct decision regarding standing, as these decisions have repeatedly recognized.

Dated: July 17, 2014

Kenneth L. Chernof
Hadrian R. Katz
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000

Respectfully submitted,

s/Kristen E. Hudson (ARDC # 6281191)
Attorney for Barnes & Noble, Inc.
Peter V. Baugher (ARDC # 0138282)
Kristen E. Hudson (ARDC # 6281191)
Schopf & Weiss, LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 701-9300

## **CERTIFICATE OF SERVICE**

I, Kristen E. Hudson, an attorney, hereby certify that a true and correct copy of Barnes & Noble, Inc.'s Notice of Supplemental Authority was filed electronically with the Clerk of the Court using the CM/ECF System, which will automatically provide electronic notice upon all counsel of record on this 17th day of July, 2014.

/s/Kristen E. Hudson
Kristen E. Hudson